# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32416**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Braxton T. SWAFFORD**
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 17 October 2017

————————————

*Military Judge:* Mark W. Milam.

*Approved sentence:* Bad-conduct discharge, confinement for 2 months, and reduction to E-1. Sentence adjudged 29 March 2016 by SpCM convened at Sheppard Air Force Base, Texas.

*For Appellant:* Major Allen S. Abrams, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Major Mary Ellen Payne, USAF; Major Meredith L. Steer, USAF; Captain Sean J. Sullivan, USAF; Gerald R. Bruce, Esquire.

Before DREW, MAYBERRY, and DENNIS, *Appellate Military Judges.*

Judge DENNIS delivered the opinion of the court, in which Chief Judge DREW and Senior Judge MAYBERRY joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

DENNIS, Judge:

A military judge sitting as a special court-martial convicted Appellant, in accordance with his pleas, of one specification of wrongful use of marijuana on divers occasions and one specification of wrongful distribution of marijuana on

divers occasions, in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a. The military judge sentenced Appellant to a bad-conduct discharge, confinement for two months, and reduction to the grade of E-1. The convening authority approved the sentence as adjudged.

Appellant's single issue on appeal is whether a 9-day violation of the 30-day post-trial processing standard for forwarding the record of trial for appellate review warrants modest relief pursuant to *United States v. Tardif*, 57 M.J. 219 (C.A.A.F. 2002). Finding no material prejudice to Appellant's substantial rights, we affirm.

## I. BACKGROUND

While assigned to Sheppard Air Force Base, Texas, Appellant struggled to acclimate to his new life in the Air Force. He eventually began using marijuana he received from a civilian friend. At some point, Appellant was asked by several trainees visiting the base whether he could obtain marijuana for them and he agreed.

Appellant's trial convened and adjourned on 29 March 2016. The staff judge advocate's recommendation (SJAR) was completed on 19 May 2016 and served on Appellant on 2 June 2016. On 10 June 2016, Appellant submitted a waiver of his clemency through his defense counsel. The addendum to the SJAR was signed on 16 June 2016 as was the convening authority's action. Appellant's record of trial was docketed with this court on 25 July 2016.

## II. DISCUSSION

*United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006), established a presumption of unreasonable post-trial delay when a record of trial is not docketed with the service court within 30 days of the convening authority's action. When such a facially unreasonable delay occurs, there are two phases to our analysis of whether an appellant is entitled to relief. First, we determine whether the delay amounts to a denial of Appellant's due process right to speedy post-trial review and appeal. *Id.* at 135. Next, even if we find no due process violation, we also consider whether this court should exercise its power under Article 66(c), UCMJ, 10 U.S.C. § 866(c), to grant relief for excessive post-trial delay. *Tardif*, 57 M.J. at 224.

In this case, 39 days elapsed between the convening authority's action and docketing with this court, exceeding the *Moreno* standard by nine days. *See Moreno*, 63 M.J. at 142. Appellant requests that we exercise our Article 66(c) authority to grant meaningful relief pursuant to *Tardif*, but he does not assert a due process violation.

We are required to conduct a due process analysis because a facially unreasonable delay exists. *Moreno*, 63 M.J. at 136.[1] Where an appellant has not shown prejudice from the delay, there is no due process violation unless the delay is so egregious as to "adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006). Here, Appellant has alleged no prejudice, and we find none. We are not persuaded that the nine-day delay, and the reasons therefor,[2] are sufficiently egregious to bring discredit upon the fairness or integrity of the military justice system. Accordingly, we find no due process violation.

Next, we turn to Appellant's request for relief under *Tardif*. In *United States v. Gay*, 74 M.J. 736, 744 (A.F. Ct. Crim. App. 2015), *aff'd*, 75 M.J. 264 (C.A.A.F. 2016), this court identified several factors to determine whether relief is warranted for delays in post-trial processing. These factors include: (1) how long the delay exceeded the standards set forth in *Moreno*; (2) what reasons, if any, the Government set forth for the delay, and whether there is any evidence of bad faith or gross indifference to the overall post-trial processing of this case; (3) whether there is some evidence of harm (either to an appellant or institutionally) caused by the delay; (4) whether the delay has lessened the disciplinary effect of the sentence, and whether relief is consistent with the dual goals of justice and good order and discipline; (5) whether there is any evidence of institutional neglect concerning timely post-trial processing, either across the service or at a particular installation; and (6) given the passage of time, whether this court can provide meaningful relief in this particular situation. *Gay*, 74 M.J. at 744.

Having considered these factors on balance, we do not find that the exercise of our Article 66(c) authority to modify the sentence is warranted. While we note that the 30-day processing goal is the easiest of all *Moreno* standards to accomplish, when viewed as a whole, the processing of Appellant's case has not been subjected to excessive post-trial delay. We find no material harm to the

---

[1] We consider four factors in determining whether post-trial delay amounts to a violation of due process rights: (1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of his right to a timely review; and (4) prejudice to the appellant. *Moreno*, 63 M.J. at 135. "No single factor is required for finding a due process violation and the absence of a given factor will not prevent such a finding." *Id*. (citing *Barker v. Wingo*, 407 U.S. 514, 533 (1972)).

[2] In an apparent effort to minimize delays in the processing of Appellant's case, the base legal office prepared only enough copies of the record of trial for Appellant and his defense counsel. The remaining copies of the record required for docketing were prepared after action had already been taken while the legal office was also processing several other ongoing courts-martial.

public's perception of the integrity of the military justice system, this court's ability to conduct our review of whether relief is warranted, or Appellant's due process rights. *See Toohey*, 63 M.J. at 362.

### III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

KATHLEEN M. POTTER
Acting Clerk of the Court